IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                     13cv1421
                                      **ELECTRONICALLY FILED**

          v.

S-2 PROPERTIES, INC. AND
BILL TURZEI,

      Defendants.

## MEMORANDUM ORDER RE: DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT (DOC. NO. 4)

**I.    Introduction**

This case is brought by the United States of America ("Plaintiff") under the Fair Housing Act, Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, against Defendants S-2 Properties, Inc. and Bill Turzai ("Turzai"). Doc. No. 1. In essence, Plaintiff alleges that Defendants discriminated against potential tenants based upon race in violation of the Fair Housing Act. Id.

Presently before this Court is Defendants' Motion to Dismiss or in the alternative Motion for More Definite Statement. Doc. No. 4. The Motion has been fully briefed and is ripe for disposition. After consideration of all relevant documents before this Court, Defendants' Motion (Doc. No. 4) will be DENIED.

**II.    Statement of the Facts**

The facts of this case, taken from the Complaint and taken as true solely for the purposes of this Memorandum Order, are as follows:

Defendant S-2 Properties, a Pennsylvania Limited Partnership, owns the Baldwin Commons apartment complex ("Baldwin Commons"), a 100-unit rental property in Pittsburgh, Pennsylvania. Doc. No. 1, ¶ 4. Units at Baldwin Commons are "dwellings" within the meaning of the Fair Housing Act. Id. Defendant Bill Turzai ("Turzai") is employed by S-2 Properties as Baldwin Common's manager and on-site leasing agent.

Between at least February 19, 2013, and April 25, 2013, in his roles of manager and leasing agent, Turzai showed and offered units within Baldwin Commons for rent. Id. at ¶ 7. During this time, the United States Department of Justice conducted three tests at Baldwin Commons to evaluate Defendants' compliance with the Fair Housing Act. Id. at ¶ 8.

The first test was conducted on February 19 and February 20, 2013. Id. at ¶ 9. On February 19th, Turzai told a white male tester, who had contacted Baldwin Commons by telephone, that a 2-bedroom townhome was available to rent. Id. The next day, Turzai told a black male tester, who visited Baldwin Commons and inquired about a two-bedroom unit to rent in March, that the complex was "fully occupied" and that he had to be placed on a waiting list for a call back. Id. A few hours later, Turzai told a white male tester, who visited Baldwin Commons and inquired about the availability of a 2-bedroom unit for March, that a unit was available to rent immediately and that he should "snag it." Id.

The Department of Justice conducted a second test on March 27 and March 28, 2013. On March 27th, Turzai told a white male tester, who visited Baldwin Commons and inquired about a 2-bedroom unit for rent for the end of May, that there were three units that were "opening up" and available for rent and that there were two additional units that would potentially be available to rent. Id. at ¶ 10. A few hours later, a black male tester visited Baldwin Commons and asked about the availability of a 2-bedroom unit for May 1st. Id. The black male tester was told by

Turzai that there a 2-bedroom unit was vacant but it was "not going to be available" for rent and Turzai could "put [him] on the waiting list." Id. The following day, the white male tested called Turzai to inquire about the vacant 2-bedroom unit he had seen the day before. Id. He was told by Turzai that the unit was still available for rent. Id.

A third test was conducted on April 23-25, 2013. Id. at ¶ 11. On April 23rd, a white male tester visited Baldwin Commons and inquired about a 2-bedroom unit available for rent at the end of May. Id. Turzai told the white male tester that there were three units "opening up" and two additional units that could be available for rent. Id. The following day, a black male tester visited Baldwin Commons and inquired about the availability of a 2-bedroom unit for the first of June. He was told by Turzai that he had "some openings" but that he had people "lined up" to rent the units. Id. Turzai told the black male tester that he could be placed on the waiting list and a call back if a unit became available. Id. On April 25th, the white male tester called Turzai and inquired whether there were units to rent. Id. Turzai told the white tester that the 3 units he had been shown the day before were still available and "you can come right in off the street if you want one right now." Id.

### III. Standard of Review

*A. Federal Rule of Civil Procedure 12(b)(6)*

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

3

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### B. Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) provides in pertinent part that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. . . ." "Typically, the court restricts the use of this motion to pleadings suffering from "'unintelligibility rather than the want of detail.'" *Retzlaff v. Horace Mann Ins.*, 738 F.Supp.2d 564, 568-69 (D. Del. 2010) (quoting *United States. v. Bd. of Harbor Comm'rs*, 73 F.R.D. 460, 462 (D. Del. 1977)).

## IV. Discussion

Plaintiff alleges that Defendants refused to negotiate for the rental of a dwelling on the basis of race; discriminated with the rental of a dwelling because of race; and represented that a rental unit was not available because of race, when it was available, all in violation of the Fair Housing Act. Doc. No. 1, ¶ 12(a)-(c). Defendants move this Court to dismiss Plaintiff's Complaint or, in the alternative, order Plaintiff to produce a more definite statement. Doc. No. 4.

In support of its Motion, Defendants contend that "the specific nature and substance" of Plaintiff's allegations is not set forth (ex. some contact by telephone—race is impossible to ascertain). Along with the alleged lack of detail, Defendants also argue that there is insufficient evidence of a pattern or practice and no allegation that any rental occurred, therefore, no "terms, conditions, or privileges" of a rental agreement was violated.

As both parties note, the Federal Rules of Civil Procedure only require a short, plain statement of the claim showing that plaintiff is entitled to relief that will give a defendant notice of the claim. Fed.R.Civ.Pro. 8(a)(2). Plaintiff has met this requirement. Defendants' arguments that it is impossible to know a person's race on the phone etc. are not appropriately dealt with on a Motion to Dismiss. Plaintiff has set forth, with sufficient detail and specificity, the testing that

5

occurred in early 2013 and sufficiently detailed how this testing allegedly demonstrates that Defendants violated the Fair Housing Act.  Further, the factual averments are sufficient to demonstrate a pattern or practice of discriminatory behavior.  Clearly, Defendants do not agree with Plaintiff's conclusions about this testing or the application of the Fair Housing Act (including Sections 3604(b) and (d).  However, it is not for the Court, or any party, to decide the merit of the case at this juncture.  Plaintiff's claims are sufficiently supported by factual averments.  Therefore, Defendants' Motion to Dismiss will be DENIED.

Plaintiff's claims are sufficiently detailed as pled.  Therefore, Defendants' Motion for a More Definite Statement will be DENIED.

## V. Conclusion/Order

AND NOW, this 17th day of January 2014, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss and in the Alternative Motion for More Definite Statement (Doc. No. 4) is DENIED.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:     All Registered ECF Counsel and Parties